4 F.3d 987
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Cedil Edward JACKSON, Defendant-Appellant.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Orrin Lamar JACKSON, Defendant-Appellant.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Eric Lamount WHITENER, Defendant-Appellant.
UNITED STATES of AMERICA, Plaintiff-Appellee,
v.
Gary Lewis DAVIS, Defendant-Appellant.
 Nos. 93-6002, 93-6003, 93-6004, 93-6005.
 United States Court of Appeals,
Fourth Circuit.
 Submitted: April 29, 1993.
Decided: September 13, 1993.
 
 Appeals from the United States District Court for the Western District of North Carolina, at Charlotte. Robert D. Potter, District Judge. (CR-90-85-C)
 Cecil Edward Jackson, Orrin Lamar Jackson, Eric Lamount Whitener, Gary Lewis Davis, Appellants Pro Se.
 Robert James Conrad, Jr., Assistant United States Attorney, Charlotte, North Carolina, for Appellee.
 W.D.N.C.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON, and LUTTIG, Circuit Judges.
 PER CURIAM:
 
 OPINION
 
 1
 Cecil Edward Jackson, Orrin Lamar Jackson, Eric Lamount Whitener, and Gary Lewis Davis appeal from the district court's order denying their Fed. R. Crim. P. 33 motion.* Our review of the record and the district court's opinion discloses that the district court did not abuse its discretion, and this appeal is without merit. See United States v. Bales, 813 F.2d 1289, 1295 (4th Cir. 1987). Accordingly, we affirm on the reasoning of the district court. United States v. Jackson, No. CR-90-85-C (W.D.N.C. Dec. 8, 1992). We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the Court and argument would not aid the decisional process. The motions for oral argument and for appointment of counsel are denied.
 
 AFFIRMED
 
 
 *
 The appeals were timely filed under Houston v. Lack, 487 U.S. 266 (1988)